# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC TROUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-676 CAS |
| | ) | |
| PEOPLES NATIONAL BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Peoples National Bank's motion to dismiss for lack of subject matter jurisdiction. Plaintiff opposes the motion. No reply memorandum was filed. For the following reasons, the Court will grant the motion to dismiss, which it will construe in part as a motion to dismiss for failure to state a claim upon which relief can be granted.

**Background**.

This is an action arising from defendants' allegedly wrongful dishonor of a cashier's check drawn by plaintiff on an account with defendant Peoples National Bank ("PNB") and apparently payable to plaintiff and defendant BB&T. The complaint asserts that jurisdiction is based on 42 U.S.C. § 1983 as well as diversity of citizenship under 28 U.S.C. § 1332, and contains the following counts: breach of contract (Count I), detrimental reliance (Count II), fraud (Count III), fraud in the inducement (Count IV), deceit (Count V), deceptive trade practices (Count VI), civil conspiracy (Count VII), breach of fiduciary duty (Count VIII), tortious interference (Count IX), conspiracy against rights (Count X), deprivation of rights (Count XI), wrongful dishonor (Count XII), conversion (Count XIII), and gross negligence and willful misconduct (Count XIV). Each count

incorporates and reasserts all of the preceding allegations in the complaint. Each count contains a prayer for actual and punitive damages in an amount in excess of $75,000.

Defendant PNB moves to dismiss the complaint, asserting that subject matter jurisdiction does not exist because the complaint does not properly allege diversity jurisdiction and because plaintiff fails to allege any state action under 42 U.S.C. § 1983.

**Legal Standard**.

The Court must first determine whether PNB's motion should be analyzed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6). "[A] motion to dismiss a federal claim, if predicated on failure to establish an essential element of the cause of action, should generally be analyzed under Fed. R. Civ. P. 12(b)(6), unless it can be shown that the challenged claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" Trimble v. Asarco, Inc., 232 F.3d 946, 953 (8th Cir. 2000) (overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611 (2005)), (quoting Bell v. Hood, 327 U.S. 678, 683 (1946)). If the issue before the court is whether the plaintiff has failed to satisfy a threshold jurisdictional requirement, however, the Rule 12(b)(1) approach is appropriately applied. Id. at 954 n.9; see, e.g., State of Missouri ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (applying Rule 12(b)(1) analysis to jurisdictional amount-in-controversy requirement). Based on the foregoing, the Court will analyze PNB's motion to dismiss under Rule 12(b)(1) as it relates to diversity jurisdiction and under Rule 12(b)(6) as it relates to plaintiff's claims under 42 U.S.C. § 1983.

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction.

Under a facial challenge to jurisdiction all of the factual allegations in the plaintiff's complaint are presumed to be true, while under a factual challenge no presumptive truthfulness attaches to the complaint's allegations. See Titus at 593 & n.1. Here, PNB contend that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because the complaint does not allege the citizenship of either defendant and shows on its face that the amount in controversy is less than the jurisdictional minimum. This asserts a facial challenge to the complaint.

A complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Midwestern Machinery, Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999). This standard applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus, 4 F.3d at 593 & n.1. The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. Conley, id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale

3

Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

**Discussion**.

    **A. Diversity Jurisdiction**.

In a case based upon this Court's diversity jurisdiction there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), 1332(c)(1); see Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987). This is because a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. Capitol Indem. Corp. v. Russellville Steel Co., 367 F.3d 831, 834 (8th Cir. 2004) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978)). Also, the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

PNB correctly asserts in the motion to dismiss that plaintiff has failed to properly allege the defendants' place of citizenship. The complaint alleges that PNB is a "domestic corporation doing business in the [S]tate of Missouri" and that defendant BB&T is a "foreign corporation." Complaint, ¶¶ 3-4. These allegations are inadequate both as to each defendant's state of incorporation and its

principal place of business.[1] As a result, the complaint does not invoke the diversity jurisdiction of the Court because it does not establish diversity of citizenship.

With respect to the amount in controversy, each count of the complaint seeks damages in an amount in excess of $75,000. When a complaint appears to allege a sufficient amount in controversy to establish diversity jurisdiction but the amount in controversy is challenged by the opposing party, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. Trimble, 232 F.3d at 959 (citing State of Missouri ex rel. Pemiscot County, Missouri v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995)). Thus, "the plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue." Western Surety, 51 F.3d at 173 (quoting Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969)). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim." Trimble, 232 F.3d at 959 (quoting Osborne, 918 F.2d at 730).

There are no facts alleged in the complaint which serve to establish the amount of plaintiff's damages. The complaint refers to an "Exhibit A" which apparently is the cashier's check at issue, but no Exhibit A was attached to the complaint filed with the Court. See Complaint, ¶ 6. PNB states in the motion to dismiss that the complaint is based on the alleged failure to honor a check in the amount of $47,000, and plaintiff concedes this in his memorandum in opposition to the motion to

---

[1] Plaintiff alleges in his memorandum in opposition to the motion to dismiss that defendant BB&T is an Indiana corporation, but this allegation cannot serve to supplement the complaint for two reasons. First, plaintiff's mere assertion in his memorandum in opposition is not evidence the Court can rely upon in determining its jurisdiction. Second, plaintiff makes no allegation concerning BB&T's principal place of business. 28 U.S.C. §§ 1332(a), 1332(c)(1); see Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987). BB&T is a citizen of the state where it is incorporated and where its principal place of business is located.

dismiss. See Pl.'s Resp. Mot. Dismiss, ¶¶ 8-10. Plaintiff asserts that under Uniform Commercial Code section 4-103(5) as adopted in either Missouri or Illinois, he is entitled to damages of $47,000 plus statutory damages of $47,000 on one count of the complaint alone, and that he may be entitled to damages on each claim of his complaint in an amount in excess of $75,000.

"The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). The Court finds that plaintiff has failed to meet his burden to establish that the damages he suffered are greater than $75,000. The only alleged item of damage concerns a $47,000 check that was dishonored. Plaintiff cannot recover duplicative damages, no matter how many counts he has chosen to plead. The UCC provision plaintiff relies on, whether contained in Mo. Rev. Stat. § 400.4-103(e) (2000) or Ill. Comp. Stat. 5/4-103(e) (2005), provides: "The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount that could not have been realized by the exercise of ordinary care. If there is also bad faith it includes any other damages the party suffered as a proximate consequence." The statute therefore allows actual damages and also consequential damages if there is a showing of bad faith. The statute does not provide for a statutory penalty in the amount of the dishonored item, as plaintiff appears to assert. Thus, the Court concludes that plaintiff has also failed to establish the requisite amount in controversy for purposes of diversity jurisdiction.

For these reasons, the Court will grant defendant PNB's motion to dismiss for lack of subject matter jurisdiction with respect to plaintiff's claims asserted on the basis of diversity of citizenship.

This encompasses all counts of the complaint except for Count X, conspiracy against rights, and Count XI, deprivation of rights.

### B. Federal Question Jurisdiction.

The Court must now determine whether plaintiff has stated a claim against PNB under 42 U.S.C. § 1983. Because PNB's motion to dismiss the federal claims is predicated on failure to establish an essential element of the cause of action, it will be analyzed under Fed. R. Civ. P. 12(b)(6). See Trimble, 232 F.3d at 953.

PNB moves for dismissal of plaintiff's § 1983 claims on the basis that plaintiff has failed to plead the requisite state action. Plaintiff responds that PNB has wrongfully withheld his property and that he has a constitutional right to his property; plaintiff contends that because he alleged PNB is a national bank which operates under state statutes, ordinances, regulations and customs, it acted under color of state law. Plaintiff also states that he "can amend his Complaint, if required, to specifically state that Defendant Peoples acted under color of law." Pl.'s Resp., ¶ 16.

For liability to attach under 42 U.S.C. § 1983, the offending action must have been done under color of state law. See Federer v. Gephardt, 363 F.3d 754, 758 (8th Cir. 2004). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrong-doer is clothed with the authority of state law.' Id. (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege

7

created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)). Private violation of constitutional rights or federal statutes by a private actor is not sufficient to state a claim under section 1983. Lugar, 457 U.S. at 940.[2]

Plaintiff asserts that because PNB is a bank subject to federal and state regulation of the banking industry, it is a state actor for purposes of the Civil Rights laws. The law does not support this assertion. Numerous courts, including the Eighth Circuit Court of Appeals, have held that banks are private actors which are not subject to liability under Section 1983. See Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (summary judgment granted in favor of bank in § 1983 case for lack of state action); Fullman v. Graddick, 739 F.2d 553, 564 (11th Cir. 1984) (Section1983 action against bank dismissed for failing to show state action requirement); Shipley v. First Fed. Sav. & Loan Ass'n of Delaware, 703 F. Supp. 1122, 1131-32 (D. Del. 1988) (summary judgment granted in bank's favor on § 1983 claims for lack of state action), aff'd, 877 F.2d 57 (3d Cir. 1989) (Table), cert. denied, 496 U.S. 938 (1990); Rynearson v. First Nat'l Bank of Rochester, 602 F. Supp. 1253, 1256-57 (N.D. Ind. 1985) (state regulation of bank does not convert banking practices to acts under color of state law); American Structures, Inc. v. Fidelity & Deposit Co. of Maryland, 545 F. Supp. 1021, 1029 (E.D. Pa. 1982) (summary judgment for bank on § 1983 claim for lack of state action).

---

[2] A private actor may be liable under § 1983 if a plaintiff can establish a conspiracy or joint participation between the private actor and a state official to deprive the plaintiff of constitutional rights. See Lugar, 457 U.S. at 931; Myers v. Morris, 810 F.2d 1437, 1454 (8th Cir.), cert. denied, 484 U.S. 828 (1987). There is no allegation of joint participation or conspiracy with a state official in this case.

Plaintiff's claims in Counts X and XI therefore fail to state a claim under § 1983 because they do not allege state action. Plaintiff's request that he be granted leave to amend his complaint to specifically allege state action will be denied as futile, because under the facts alleged in the complaint PNB is strictly a private actor and cannot be liable to plaintiff under § 1983. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). It is appropriate to deny leave to amend where the filing of the amended complaint would be futile. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). Here, plaintiff's proposed changes would not remedy the deficiencies of the original complaint. As a result, leave to amend will be denied. See Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989) (it is well-settled law that district courts have the power to deny leave to amend if the proposed changes would not remedy the deficiencies of the original complaint).

PNB's motion to dismiss Counts X and XI, construed as a motion to dismiss for failure to state a claim, should therefore be granted.

**Conclusion**.

For the foregoing reasons, defendant PNB's motion to dismiss for lack of subject matter jurisdiction should be granted with respect to plaintiff's state law claims in Counts I through IX and XII through XIV, and granted construed as a motion to dismiss for failure to state a claim upon which relief can be granted, as to plaintiff's claims under 42 U.S.C. § 1983 in Counts X and XI. Plaintiff's request for leave to amend his complaint is denied. Plaintiff's motion for injunction and turnover of property and defendant PNB's motion to stay discovery should be denied as moot.

9

Accordingly,

**IT IS HEREBY ORDERED** that defendant Peoples National Bank's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**; said motion is **GRANTED** as to plaintiff's state law claims in Counts I through IX and XII through XIV; said motion is **GRANTED**, construed as a motion to dismiss for failure to state a claim upon which relief can be granted, as to plaintiff's claims under 42 U.S.C. § 1983 in Counts X and XI. [Doc. 10]

**IT IS FURTHER ORDERED** that defendant Peoples National Bank's motion to stay discovery is **DENIED** as moot. [Doc. 13]

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction and turnover of property is **DENIED** as moot. [Doc. 7]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of July, 2005.